RAQUEL M. BUSANI, SBN: 323162
raquel@erisalg.com
ROBERT J. ROSATI, SBN 112006
robert@erisalg.com
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
LANE KELLY WHITTENBERG

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE KELLY WHITTENBERG, <br><br> Plaintiff, <br><br> v. <br><br> JOSE TOVAR AYALA and PHILIP BLACKMAN, in their individual capacities, and DOE 1, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations Of Federal Civil Rights - - Under 42. U.S.C. § 1983;** <br><br> 2. **Violations Of Federal Civil Rights - -Under 42. U.S.C. § 1983;** <br><br> 3. **First Amendment Retaliation Under 42. U.S.C. § 1983** <br><br> 4. **Failure to Protect-42 U.S.C. § 1983** <br><br> 5. **Assault** <br><br> 6. **Battery** <br><br> 7. **Negligence** <br><br> 8. **Intentional Infliction of Emotional Distress** <br><br> 9. **Violation Of Bane Act, Cal. Civ. Code § 52.1.** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

COMPLAINT

1

Plaintiff, LANE KELLY WHITTENBERG ("Plaintiff" or "Whittenberg") alleges as follows:

## JURISDICTION AND VENUE

1. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). As plaintiff's state law claims arise out of a common nucleus of facts, the court has jurisdiction over them pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue lies in the Eastern District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1392(b).

## PARTIES

3. Plaintiff Whittenberg is, and at all times relevant hereto was, a competent adult and a resident of the County of Fresno. At all times relevant hereto, Whittenberg was also a pretrial detainee at Fresno County Jail under a Federal Marshall hold.

4. Defendants, Jose Tovar Ayala ("Tovar") and Philip Blackman ("Blackman"), at all times mentioned herein, were employees of the Fresno County Sheriff's Office and correctional officers at the Fresno County Jail, and at all times acted under the color of law.

5. Defendant whose name and identity is unknown is sued herein under the name Doe 1. Doe 1, at all times mentioned herein, was an employee of the Fresno County Sheriff's Offfice and correctional officer at the Fresno County Jail, whose last name, based on information or belief, is Patterson or Jefferson. An Inmate Grievance Review Report provided to Whittenberg on or about April 14, 2021, notes that Correctional Officer Patterson was involved in the incident that gave rise to Whittenberg's claim- - however, Whittenberg recalls the last name Jefferson, not Patterson. Furthermore, Doe 1's first name is unknown. Doe 1, at all times herein acted under the color of law. Plaintiff will amend this complaint and give notice to the Doe defendant upon learning of his name and capacity.

6. Plaintiff has complied with and exhausted all administrative remedies, including the internal grievance and appeals procedures provided by the Fresno County Jail and the requirements of Cal. Gov't Code § 910, which are prerequisite to filing a claim against a governmental entity under state law.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

7. On March 2, 2021, around 11:30 p.m., correctional officers, including Defendant Tovar, and two other correctional officers by the name of Santiago and Moya, entered Whittenberg's cell, located at the Fresno County Jail—Main Jail 5th Floor, Pod B-16. Whittenberg had recently moved into said cell, and shared the cell with another inmate who resided in the cell before Whittenberg moved in. On March 2, 20201, the correctional officers searched Whittenberg, his cellmate, and the cell for contraband- -a cell phone- - about which the officers claimed they had received a tip. The cell phone was never located. Whittenberg observed, and is informed and believes, that the cell located at Main Jail 5th Floor, Pod B-16 was frequently searched by correctional officers before he moved into the cell.

8. During the March 2, 2021, search, Whittenberg and his cellmate were required to strip down to their boxers, removed from the cell, and placed into a classroom so that the search of the cell could be performed. While in the classroom, Whittenberg complained loudly that he was cold, and asked for his jumper or a blanket to keep warm because the jail is kept very cold. While complaining, Whittenberg repeatedly kicked the door to the classroom and used profane language. He was told by one of the correctional officers that he was going to have to "[expletive] wait until they were done." Whittenberg, however, continued to complain loudly, and was written up for doing so. In their write-up, the officers claimed Whittenberg threw a table while locked in the classroom. Whittenberg and his cellmate were not permitted to return to their cell until about 2:30 a.m. Upon return, Whittenberg observed that his mattress, as well as his cellmate's mattress, had been torn apart. Although Whittenberg's cellmate received a replacement

mattress before shift change was over, it took nearly an entire day for Whittenberg to be provided with a replacement mattress. It was not until Whittenberg spoke to Correctional Officer Fernandez, that any effort was made to provide Whittenberg with a replacement mattress.

9. On March 3, 2021, at approximately 8:30 p.m., multiple correctional officers entered Whittenberg's cell to conduct a second search. As a result of the events of the prior evening, Whittenberg was asleep when the correctional officers first entered the cell. Whittenberg estimates that between 10-12 officers entered the cell. At least seven officers are observed on surveillance video. Whittenberg was sleeping in a middle bunk when the officers entered; he was wearing his jumper which was halfway open, a T-shirt, and no shoes. His shoes were under his locker.

10. Upon being woken up, Whittenberg was asked by Correctional Officer Campos if it was his shoes that were under the locker. Whittenberg responded yes. Correctional Officer Campos then proceeded to grab Whittenberg's shoes, search them, and hand then to Whittenberg so he could put them on. Whittenberg put on his shoes and jumped off the bunk bed. Whittenberg was at that point handcuffed with his hands behind his back, put up against the wall, and searched, while still inside his cell. During this search of Whittenberg's person, correctional officers escorted Whittenberg's cellmate out of the cell. Once the search of Whittenberg's person while inside the cell was complete, Defendant Tovar stated "I'll get this guy," and escorted Whittenberg towards the door.

11. Whittenberg, in handcuffs with his hands behind him, was escorted out of his cell by Defendants Tovar and Blackman. As Whittenberg and the two correctional officers walked out of the cell, two additional correctional officers who were standing outside of the cell, and whom Whittenberg, upon information and belief alleges to be Doe 1-- the correctional officer by the name of Patterson or Jefferson - - and a female officer believed to be Correctional Officer Juarez, approached him. Doe 1 then directed Whittenberg to face the wall so that he could

be searched again. Defendant Blackman told Whittenberg that a second search was necessary because the Sergeant wanted to speak to him.

12. Whittenberg complained about the second search but complied with the correctional officers' request by facing the wall. Once facing the wall, Whittenberg was surrounded by Doe 1 on his left side, Defendant Blackman behind him, and Defendant Tovar to his right. The fourth officer, believed to be Correctional Officer Juarez, at this point entered the cell.

13. Whittenberg continued to verbally protest the additional search and refused to remove his shoes when asked to do so. A discussion was had between the correctional officers and Whittenberg. During this discussion, Defendant Blackman warned Whittenberg that he could do things "the hard way, or the easy way." At that point, with Whittenberg facing the wall and still handcuffed, Defendant Blackman stepped on the back of Whittenberg's right shoe, making it come off halfway, and Whittenberg again protested verbally, using profanity, and moved his leg to remove Blackman's leg from his foot. As a result, Whittenberg's shoe came off and flipped in the air, about a foot, but no more than two feet, off the floor.

14. At this point, Defendant Tovar kicked Whittenberg, who was still surrounded by the three correctional officers, facing the wall, and in handcuffs with hands behind his back. Whittenberg was then tackled to the floor by Defendants and Doe 1. Despite verbally protesting the search, Whittenberg did not at any point during this interaction physically resist the correctional officer's orders and/or commands, other than to move his foot after Defendant Blackman stepped on the back of his shoe.

15. Once on the floor and surrounded by Defendants and Doe 1, Whittenberg was positioned so that he was looking right, facing Defendant Tovar. At that point, while using profanity and calling Whittenberg offensive epithets, Defendant Tovar struck, or otherwise made forceful contact with the right side of Whittenberg's face, causing the left side to hit to floor. Whittenberg then turned his

head to look left, and then once again looked right in Defendant Tovar's direction, at which point Defendant Tovar, while still using profanity and calling Whittenberg offensive epithets, made a "hammer-fist," and struck the right side of Whittenberg's face a second time. As a result of this second hit, the left side of Whittenberg's head and face again made forceful contact with the floor, causing a left back molar to break.  At that point, two correctional officers (names unknown), exited the cell and looked on as Whittenberg was held to the floor and searched. Eventually these same two correctional officers picked up Whittenberg's shoes, which were both on the floor, and looked inside of them.

16. Whittenberg was eventually picked up to his feet and escorted out of the area to a classroom where inmates are taken to get haircuts. After about 10 minutes, Whittenberg was taken to see a nurse. Whittenberg informed the nurse that his molar was broken and that his left jaw was in severe pain. The nurse looked at his face and eyes, and said "He's ok. He's alright." Whittenberg was then rushed to a basement holding cell, where he remained for about two hours.

17. Whittenberg was never taken to see the Sergeant as he was told was to occur. Instead, both Whittenberg and his cellmate were placed on a 24-hour lockdown.  Whittenberg was otherwise not disciplined or written up.

18. At shift change on March 4, 2021, Whittenberg had the opportunity to discuss his assault and injuries with S.E.R.T. Soun, who requested that X-rays be taken and for his molar to be fixed. X-Rays were taken on March 4, 2021, and his molar was temporarily fixed on March 5, 2021. He received no other related medical or dental treatment despite requests.

19. To Whittenberg's knowledge, he was not written up for the March 3, 2021, incident.  Whittenberg is also informed and believes, and thereon alleges, that an incident report was not prepared for the March 3, 2021, incident, and that it was not until he filed a grievance for the March 3, 2021, incident - - and until after he

continued to inquire about the status of his grievance - - that anything was written by employees of the jail, addressing the events of March 3, 2021.

20. As a result of being tackled to the floor, and being struck in the face, Whittenberg suffered a broken left side molar, severe pain, bruises, and soreness to his face and body. Whittenberg continues to experience pain at the location of the molar, which was only temporarily fixed, and he cannot chew food on that side. Whittenberg also suffered emotional distress and feared for his life. Whittenberg continues to suffer emotional distress because of the incident and has discussed the incident with his psychiatrist.

## FIRST CLAIM FOR RELIEF
### For Violation of Plaintiff's Rights under The Eight and Fourteenth Amendments to the United States Constitution – 42 U.S.C. § 1983
### (Against Defendants Tovar, Blackman, and Doe 1)

21. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

22. On March 3, 2021, at approximately 8:30 p.m., Defendants Blackman, Tovar, and Doe 1, and each of them, used force that was excessive, while acting under the color of law and in the performance of their official duties as correctional officers, when they tackled Whittenberg to the floor, while he was in handcuffs with his hands behind his back, outnumbered, and not physically resisting, and when Defendant Tovar, twice punched or otherwise made forceful and offensive contact with the right side of Whittenberg's face, while Whittenberg was held to the floor by Defendants, causing the left side of Whittenberg's face and head to hit the floor, and break his left back molar.

23. As a direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has been hurt and injured in his health, strength, activity and nervous system, including, a broken left side molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish. As a further direct

and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

24. Whittenberg sues for violation of his rights under the Eighth Amendment to the United States Constitution by defendants, and each of them, who maliciously subjected plaintiff to excessive, sadistic, and gratuitous force which was unnecessary for any legitimate penal interest and amounted to punishment.

25. Whittenberg sues for violation of his rights under the Fourteenth Amendment to the United States Constitution to be free from gratuitous and excessive force and punishment, and the right to due process of law, by Defendants and each of them, who resorted to the use of excessive force and punishment, without due process of law, in retaliation of Whittenberg's verbal protests and exercise of his rights under the First Amendment.

26. Defendants, and each of them, acted in reckless and callous disregard of Plaintiff's rights constituting willful violations of the Eighth and Fourteenth Amendments to the Constitution of the United States. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting an award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CLAIM FOR RELIEF
**For Violation of Plaintiff's Rights under The Eight and Fourteenth Amendments to the United State Constitution – 42 U.S.C. § 1983 (Against Defendant Tovar Only)**

27. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

28. On March 3, 2021, at approximately 8:30 p.m., the date and time of the incident, Defendant Tovar used force, that was excessive, while acting or purporting to act under the color of law and in the performance his official duties as a correctional officer, when he repeatedly punched or otherwise made forceful and

offensive contact with the right side of Whittenberg's face causing the left side of Whittenberg's face and head to hit the floor, all while using profanity and calling Whittenberg offensive epithets, and while Whittenberg was held to the floor by Defendants Blackman and Doe 1, handcuffed with his hands behind his back, and not physically resisting.

29. As a direct and proximate result of Defendant Tovar's foregoing wrongful acts, Whittenberg has been hurt and injured in his health, strength, activity and nervous system, including, a broken left side molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish. As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

30. Whittenberg sues for violation of his rights under the Eighth Amendment to the United States Constitution by Defendant Tovar, who maliciously subjected plaintiff to excessive, sadistic, and gratuitous force which was unnecessary for any legitimate penal interest and amounted to punishment.

31. Whittenberg sues for violation of his rights under the Fourteenth Amendment to the United States Constitution to be free from gratuitous and excessive force and punishment, and the Fourteenth Amendment right to due process of law, by Defendant Tovar, who resorted to the use of excessive force and punishment, without due process of law, and in retaliation of Whittenberg's verbal protests against a second search of his person.

32. Defendant Tovar, acted in reckless disregard for Whittenberg's rights constituting willful violations of the Eighth and Fourteenth Amendments to the Constitution of the United States. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against

Defendant Tovar in an amount adequate to punish the wrongdoers and deter future misconduct.

### THIRD CLAIM FOR RELIEF

**Retaliation and Violation of Plaintiff's Rights under The First Amendment to the United States Constitution – 42 U.S.C. § 1983**
**(Against Defendants Tovar, Blackman, and Doe 1)**

33. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

34. Whittenberg, from March 2, 2020, to the time of the incident on March 3, 2020, engaged in his constitutionally protected right to complaint about the conditions of his imprisonment, including but not limited to, by complaining about the fact that: (1) that he was cold on March 2, 2020, when he was asked to strip to his boxers and kept in a cold classroom while his cell was searched, (2) his bed had been destroyed and he was not provided a replacement bed for almost 24 hours, despite his cellmate receiving a replacement almost immediately; and (3) that a second search was unnecessary because his shoes and person had already been searched inside his cell, on March 3, 2020.

35. Defendants Tovar, Blackman, and Doe 1, and each of them, retaliated against Whittenberg for exercising his right to free speech and to complain about the conditions under which he was imprisoned, by using force and the threat of force, including, but not limited to tackling Whittenberg to the floor while handcuffed with his hands behind his back, surrounded, and not resisting, for the purpose of silencing or otherwise chilling Whittenberg's speech rights, including but not limited to his complaints that he had already been searched by officers on March 3, 2020, and his complaints regarding the March 2, 2020 search.

36. Defendants' acts, including their threats and use of force, were unreasonable and excessive, and served to advance no legitimate correctional goal, but were instead, at least in part, motivated by and intended to chill Whittenberg's exercise of his rights under the First Amendment.

37. Defendants' Tovar, Blackman, and Doe 1's, and each of their acts, would likely have deterred a person of ordinary firmness from exercising their right to free speech.

38. As a result of Defendants', and each of their actions, Whittenberg was harmed in his health, strength, activity, and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.  As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

39. Defendants', and each of their, conduct was a substantial factor in causing Whittenberg's harm. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against Defendant Tovar in an amount adequate to punish the wrongdoers and deter future misconduct.

### FOURTH CLAIM FOR RELIEF
### For Failure to Protect—42 U.S.C. § 1983
### (Against Defendants Tovar, Blackman, and Doe 1)

40. Plaintiffs hereby re-alleges and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

41. Defendants Tovar, Blackman, and Doe 1, and each of them, had a duty to protect Whittenberg, and to intervene to prevent the use of excessive force by a fellow correctional officer.

42. Defendants Tovar, Blackman, and Doe 1, and each of them, had a reasonable opportunity to intervene when Defendants Tovar, Blackman, and Doe 1, and each of them, used gratuitous and excessive force against Whittenberg, violating his rights under the Eighth and Fourteenth Amendments of the United States Constitution, as outlined in paragraphs 14-15 of this Complaint.

//

//

43.     Defendants, Tovar, Blackman, and Doe 1, and each of them failed to intervene to prevent the use of excessive force by fellow correctional officers against Whittenberg.

44.     As a result of Defendants', and each of their actions, Whittenberg was harmed in his health, strength, activity and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.  As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

45.     Defendants', and each of their, conduct was a substantial factor in causing Whittenberg's harm.

### FIFTH CLAIM FOR RELIEF
**For Assault**
**(Against Defendants Tovar, Blackman, and Doe 1)**

46.     Plaintiff hereby re-alleges and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

47.     Pursuant to Cal. Gov't Code § 820, a public employee is liable for injury caused by his act or omission to the same extent as a private person.

48.     Defendants Tovar, Blackman, and Doe 1, and each of them, assaulted Whittenberg when they intentionally, without consent, and for the purpose of causing harm and/or offending, verbally and physically threatened to touch Whittenberg in a harmful or offensive manner, knowing that it reasonably appeared to Whittenberg that Defendants, and each of them, was about to carry out the threat and could carry out the threat.

49.     As a result of Defendants', and each of their actions, Whittenberg was harmed in his health, strength, activity, and nervous system, including, fearing for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.  As

a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

50. Defendants', and each of their, conduct was a substantial factor in causing Whittenberg's harm. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against Defendant Tovar in an amount adequate to punish the wrongdoers and deter future misconduct.

### SIXTH CLAIM FOR RELIEF
### Battery
### (Against Defendants Tovar, Blackman, and Doe 1)

51. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

52. Pursuant to Cal. Gov't Code § 820, a public employee is liable for injury caused by his act or omission to the same extent as a private person.

53. Defendants Tovar, Blackman, and Doe 1, committed a battery against Whittenberg, when they tackled Whittenberg to the floor, while he was in handcuffs with his hands behind his back, outnumbered, and not physically resisting, and when Defendant Tovar, twice punched or made forceful and offense e contact with the right side Whittenberg's face, while Whittenberg was held to the floor by Defendants and not physically resisting, causing the left side of Whittenberg's face and head to hit the floor.

54. Defendants Tovar, Blackman, and Doe 1, and each of them, in doing the wrongful acts, acted with intent to cause physical harm and humiliation, and did so without Whittenberg's consent.

55. As a direct and proximate result of Defendants', and each of their actions, Whittenberg was harmed in his health, strength, activity and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.  A reasonable person in

Whittenberg's situation would have also been offended and suffered humiliation and other emotional distress as a result of Defendant's actions.

56.   As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

57.   Defendant Tovar's conduct was a substantial factor in causing Whittenberg's harm.  In doing the foregoing wrongful acts, Defendant Tovar was guilty of oppression, fraud or malice so that, Whittenberg, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendants.

### SEVENTH CLAIM FOR RELIEF
**Negligence**
**(Against Defendants Tovar, Blackman, and Doe 1)**

58.   Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

59.   Pursuant to Cal. Gov't Code § 820, a public employee is liable for injury caused by his act or omission to the same extent as a private person.

60.   Defendants Tovar, Blackman, and Doe 1, and each of them, owed Whittenberg a general duty to exercise reasonable care.  Furthermore, as a result of the "special relationship" that existed between Defendants, Tovar, Blackman, and Doe 1 as jailers, and Whittenberg as prisoner, Defendants owed Whittenberg the duty of care to protect him from foreseeable harm.

61.   Defendants Tovar and Blackman, and Doe 1, and each of them, breached their duty of care and duty to protect Whittenberg from foreseeable harm, through their actions and inactions, when they failed to properly and adequately assess the need to use force when attempting to search Whittenberg's person, including but not limited to the level of force actually used, against Whittenberg, when they tackled Whittenberg to the floor, and the level of force actually used against Whittenberg once he was on the floor, including but not limited to the level

of force used by Defendant Tovar against Whittenberg when he made forceful contact with the right side of Whittenberg's face, despite the fact that Whittenberg was handcuffed with his hands behind his back, outnumbered, and not physically resisting.

62. Defendants Tovar, Blackman, and Doe 1, and each of them, breached their duty to protect Whittenberg, through their actions and inactions, when they failed to intervene and protect Whittenberg from harm, including when he was tackled to the floor by Defendants Tovar, Blackman, and Doe 1, and each of them, and when they failed to intervene, protect, and otherwise stop Defendant Tovar, from punching or otherwise making forceful and offensive contact with the right side of Whittenberg's face, while Whittenberg was on the floor, handcuffed with his hands behind his back, outnumbered, and not physically resisting.

63. As a direct and proximate result of Defendant Tovar, Blackman, and Doe 1's, and each of their conduct, and other as yet undiscovered negligent conduct, Whittenberg was harmed in his health, strength, activity and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him severe emotional distress, and mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.

64. As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

65. Defendants', and each of their, conduct was reckless and a substantial factor in causing Whittenberg's harm. In doing the foregoing wrongful acts, defendants were guilty of oppression, fraud or malice so that, plaintiffs, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendants.

//
//

## EIGHTH CLAIM FOR RELIEF
### Intentional Infliction Of Emotional Distress
### (Against Defendant Tovar Only)

66. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

67. Defendant Tovar intentionally caused physical and severe emotional injury to Whittenberg, when he punched, or otherwise made forceful and offensive contact with the right side of Whittenberg's face, causing the left side of Whittenberg's face and head to hit the floor with enough force to break his left molar, while Whittenberg was in handcuffs with his hands behind his back, detained to the ground by Defendants Tovar, Blackman, and Doe 1, and each of them, outnumbered, and not physically resisting. Defendant Tovar's use of force was unreasonable and excessive, and unnecessary for any penal purposes.

68. Defendant Tovar's conduct was outrageous, and intended to cause Whittenberg emotional distress.

69. As a result of Defendant Tovar's conduct, Whittenberg suffered severe emotional distress, and was otherwise harmed in his health, strength, activity and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish. As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical (including psychiatric care) and dental expenses in an amount to be determined at trial.

70. Defendant Tovar's conduct was a substantial factor in causing Whittenberg's harm. In doing the foregoing wrongful acts, Defendant was guilty of oppression, fraud or malice so that, Whittenberg, in addition to the actual damages, may recover damages for the sake of example and by way of punishing Defendant Tovar.

//

### NINTH CLAIM FOR RELIEF
**Excessive Force Threats, Intimidation Or Coercion**
**(In Violation of Civil Code Section 52.1)**
**(Against Defendants Tovar, Blackman, and Doe 1)**

71. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 20, inclusive, of this Complaint as though each allegation was set forth at length herein.

72. Defendants, Tovar, Blackman, and Doe 1 acted violently against Whittenberg to retaliate against Whittenberg for having exercised his right to free speech, including his right to complain about the conditions of his imprisonment.

73. Defendants, Tovar, Blackman, and Doe 1, further used threats, intimidation, and physical coercion, to cause Whittenberg to reasonably believe that if he continued to exercise his right to free speech, including but not limited to his right to complain about the conditions of his imprisonment, Defendants, Tovar, Blackman, and Doe 1, and each of them, would commit further violence against him, and that Defendants, Tovar, Blackman, and Doe 1, and each of them, had the apparent ability to carry out the threats.

74. Defendants, Tovar, Blackman, and Doe 1, and each of them, by their conduct, intended to deprive, and did deprive, Whittenberg of his enjoyment of the interests protected by the right to free speech under the First Amendment, as well as those rights secured by the Eighth and Fourteenth Amendments to the United States Constitution, including the right to be free from cruel and unusual punishment and the right to due process.

75. As a direct and proximate result of Defendants Tovar, Blackman, and Doe 1's, and each of their conduct, Whittenberg was harmed in his health, strength, activity and nervous system, including, a broken left molar and fear for his life, all of which have caused and continue to cause him severe emotional distress, and mental, physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.

//

76. As a further direct and proximate result of Defendants' foregoing wrongful acts, Whittenberg has incurred and will continue to incur medical and dental expenses in an amount to be determined at trial.

77. Defendants', and each of their, conduct was a substantial factor in causing Whittenberg's harm.

78. In doing the foregoing wrongful acts, defendants were guilty of oppression, fraud or malice so that, Whittenberg, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and compensatory damages for violation of plaintiff's federal and state constitutional and statutory rights, pain and suffering, of $100,000.00, to be determined according to proof;

2. Medical and dental expenses according to proof;

3. Exemplary and/or punitive damages against the individual defendants, according to proof;

4. An award of statutory damages and penalties pursuant to Cal. Civil Code section 52 to be determined according to proof;

5. Reasonable attorneys' fees and expenses of litigation as provided for by 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, and California Code of Civil Procedure section 1021.5, and whatever other provision of law may be applicable;

6. Costs of suit necessarily incurred herein; and,

7. Such further relief as the court deems just and/or proper.

Date: February 15, 2022         /s/ Raquel M. Busani
                                RAQUEL M. BUSANI, No. 323162
                                Attorney for Plaintiff,
                                LANE KELLY WHITTENBERG

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Date: February 15, 2022

    */s/ Raquel M. Busani*
RAQUEL M. BUSANI, No. 323162
Attorney for Plaintiff,
LANE KELLY WHITTENBERG