McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Mart B. Oller IV, #149186
*mart.oller@mccormickbarstow.com*
Daniel L. Wainwright, #193486
*daniel.wainwright@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendants,
JOSE TOVAR AYALA; PHILIP BLACKMAN;
and, MATTHEW WHYTE

Raquel M. Busani, #23162
*raquel@erisalg.com*
Robert J. Rosati, #112006
*robert@erisalg.com*
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
LANE KELLY WHITTENBERG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| LANE KELLY WHITTENBERG,<br><br>Plaintiff,<br><br>v.<br><br>JOSE TOVAR AYALA; PHILIP BLACKMAN; and, MATTHEW WHYTE, in their individual capacities, and DOE 1,<br><br>Defendants. | Case No. 1:22-CV-00197-JLT-EPG<br><br>**STIPULATION OF THE PARTIES REGARDING THE DEPOSITION OF PLAINTIFF; ORDER OF THE COURT** |
|---|---|

Plaintiff, LANE KELLY WHITTENBERG ("WHITTENBERG") and Defendants, JOSE TOVAR AYALA, PHILLIP BLACKMAN, and MATTHEW WHYTE, by and through their respective counsel, hereby jointly Stipulate and Agree to the following:

1. WHITTENBERG is currently incarcerated and confined in **USP Victorville, U.S. Penitentiary** located at Adelanto, California.

2. WHITTENBERG's identification number at this prison is Register **#21427509**.

3. WHITTENBERG, as the Plaintiff, has asserted various claims, allegations and seeks the recovery of monetary damages against each of the three named Defendants.

4. As such, Defendants are entitled to take the deposition of WHITTENBERG in order to question him regarding the facts and circumstances of the alleged events, his alleged damages, and other aspects of this litigation.

5. Due to WHITTENBERG's incarceration, an Order from this Court, pursuant to FRCP, Rule 30(a)(2)(B), is required in order to complete the oral deposition of Plaintiff.

6. The parties to this Stipulation have "met and conferred" on this issue.

7. The parties request for "leave" of Court to take the deposition of WHITTENBERG as further discussed by the parties and the Court during the February 1, 2023 Mid-Discovery Status Conference at which time the Court indicated it would entertain a Stipulation from the parties requesting "leave" to take the deposition of WHITTENBERG.

8. The parties agree that "good cause" exists for the deposition of WHITTENBERG in this civil action.

9. The parties agree that the deposition will be set on a date and time that is agreeable to all counsel and the respective prison.

10. The parties agree that, to the extent permitted by the above referenced prison that is housing WHITTENBERG, a reasonable amount of time should be extended to Plaintiff's counsel for a pre-deposition meeting.

11. The parties request that WHITTENBERG be made available for an "in-person" deposition in accordance with the rules, regulations and requirements of the penitentiary, which would allow for Plaintiff, his attorney(s), Defendants' attorney(s) and the Court Reporter to all be in the same room as WHITTENBERG to complete this deposition.

12. The parties further agree, if permitted by the prison, that either video conferencing or telephonic conferencing be permitted to allow the named Defendants to "appear" at requested

Plaintiff's "in person" deposition, remotely, via these means. The parties however stipulate that Defendants will only be allowed to listen in on the deposition, will not participate or otherwise speak during the deposition, and that if their "appearance" is by video conference, their video-camera will be off during the deposition. Defendants however will be permitted to speak to their attorney of record and use their cameras during breaks.

13. The parties stipulate and agree that, if permitted by the penitentiary, counsel attending the "in person" deposition of WHITTENBERG will be permitted to bring in a tablet, laptop or other device which would allow Plaintiff to view security camera footage that is relevant to the subject litigation.

14. The parties agree that, should the above referenced prison not allow for an "in person" deposition, then WHITTENBERG be permitted, assuming the availability of computer or tablet for Plaintiff's use, to participate in a remote deposition. Under these events, WHITTENBERG's deposition would be in accordance with the previously executed "Joint Stipulation Concerning Agreed Upon Protocol for Conducting Remote Depositions."

Dated: February 17, 2023

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: */s/ Daniel L. Wainwright*
Mart B. Oller IV
Daniel L. Wainwright
Attorneys for Defendants
JOSE TOVAR AYALA; PHILIP BLACKMAN; and, MATTHEW WHYTE

Dated: February 17, 2023

By: */s/ Raquel M. Busani*
Robert J. Rosati, Esq.
Raquel M. Busani, Esq.
Attorneys for Plaintiff,
LANE KELLY WHITTENBERG

029253-000239 8923415.1

**ORDER OF THE COURT GRANTING LEAVE TO DEPOSE PLAINTIFF**

The Court having considered the parties Stipulation and good cause appearing, the Court hereby ORDERS that:

1. Defendants, JOSE TOVAR AYALA; PHILIP BLACKMAN; and, MATTHEW WHYTE, have this Court's leave to take the oral deposition of Plaintiff (and Inmate), LANE KELLY WHITTENBERG, pursuant to Rule 30 of the Federal Rules of Civil Procedure and the terms of the parties' stipulation;

2. Prior thereto, counsel for Defendants shall give notice of this Order to USP Victorville, U.S. Penitentiary, located at Adelanto, CA, and shall coordinate with them so that the taking of the deposition of Inmate LANE KELLY WHITTENBERG shall be set and noticed for a time and place that it is agreeable to the parties but that will also minimize disruption to the orderly operations of the prison.

IT IS SO ORDERED.

Dated: **February 17, 2023**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720